UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| EDWARD NEIBAUER SR., | ) | Case No. 12-30084 HRT |
| aka NEIBAUER ED, dba ROCKY | ) | |
| MOUNTAIN LIBRARY, LLC, dba | ) | |
| WESTERN AMERICAN RESOURCES, | ) | |
| LLC, dba P&M RIG COMPANY, LLC, | ) | Chapter 11 |
| dba BAUER PIPELINE COMPANY, LLC | ) | |
| dba P&M PETROLEUM MANAGEMENT, | ) | |
| LLC, dba BAUER OIL AND GAS, LLC, | ) | |
| dba HIGH DESERT REFINING, LLC, | ) | |
| dba RMOC HOLDINGS, LLC, dba | ) | |
| EXECUTIVEPETROLEUM | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TOOFANIA DHANLAKSHMI LLC | ) | Adversary Proceeding No. |
| | ) | |
| Creditor-Plaintiff | ) | |
| | ) | **13-01036 HRT** |
| v. | ) | |
| | ) | |
| EDWARD NEIBAUER SR. | ) | |
| aka NEIBAUER ED, dba ROCKY | ) | |
| MOUNTAIN LIBRARY, LLC, dba | ) | |
| WESTERN AMERICAN RESOURCES, | ) | |
| LLC, dba P&M RIG COMPANY, LLC, | ) | |
| dba BAUER PIPELINE COMPANY, LLC | ) | |
| dba P&M PETROLEUM MANAGEMENT, | ) | |
| LLC, dba BAUER OIL AND GAS, LLC, | ) | |
| dba HIGH DESERT REFINING, LLC, | ) | |
| dba RMOC HOLDINGS, LLC, dba | ) | |
| EXECUTIVEPETROLEUM | ) | |
| SERVICES, LLC | ) | |
| | ) | |
| Debtor-Defendant | ) | |
| | ) | |

FILED
BRADFORD L. BOLTON
CLERK
2013 JAN 22 PM 1:08
U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

## COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT

Creditor Toofania Dhanlakshmi LLC ("TD"), through counsel David von Gunten, von Gunten Law LLC, sets forth its Complaint Objecting to Dischargeability of Debt owed to TD by Debtor Edward Neibauer, Sr., *et al.* (collectively "Debtor") as follows:

### JURISDICTION, VENUE AND PARTIES

1. This adversary proceeding is brought pursuant to Fed. R. Bankr. P. 4004, 4007 and 7001 *et seq.*, and pursuant to section 523 of title 11 of the United States Code.

2. Jurisdiction of this Court is based on 28 U.S.C. §1334(b) in that it arises under title 11 of the United States Code. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2). This proceeding relates to the Chapter 11 bankruptcy filing presently pending in the United States Bankruptcy Court for the District of Colorado captioned as follows: In re: Edward Neibauer, Sr., Case No. 12-30084 HRT.

3. Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code, Case No. 12-30084 HRT, on September 27, 2012 ("Petition Date").

4. Creditor-Plaintiff TD is a limited liability company organized and incorporated under the laws of the State of Nevada and maintains its principal office at 2360 Corporate Circle, Suite 400, Henderson Nevada 98074.

5. TD is a creditor of Debtor.

6. Upon information and belief, Debtor is a resident of Colorado, residing at 6244 S. Boston Court, Englewood, Colorado 80111.

7. Upon information and belief, the entities named in the caption of this Complaint are entities under which Debtor is known (or does business as), are owned and/or operated by Debtor, and are identified as follows: Rocky Mountain Library, LLC, dba Western American Resources, LLC, dba P&M Rig Company, LLC, dba Bauer Pipeline Company, LLC, dba P&M Petroleum Management, LLC, dba Bauer Oil and Gas, LLC, dba High Desert Refining, LLC, dba RMOC Holdings, LLC, dba Executive Petroleum Services, LLC.

## FACTUAL BACKGROUND

8. On November 23, 2010, Mr. Manu Hinduja of Huntington Resources e-mailed a Participation Agreement (the "LaBarge Agreement") to TD whereby Bauer Oil and Gas LLC ("Bauer") offered to TD a 10% working interest in certain oil and gas assets for the consideration of $62,500.

9. A true and correct copy of the email from Mr. Manu Hinduja is attached hereto as Exhibit A.

10. A true and correct copy of the LaBarge Agreement is attached hereto as Exhibit B.

11. The LaBarge Agreement was for the purchase by TD of "certain oil and gas leases and wells . . . in the LaBarge Field located in Sweetwater, Sublette and Lincoln Counties, Wyoming."

12. The LaBarge Agreement was meant to memorialize the purchase of TD's 10% working interest in certain oil and gas assets. However, Debtor, by himself and through Bauer, made false representations that Bauer owned the oil and gas assets, when it did not. The LaBarge Agreement specifically provides that Bauer is "the owner of certain oil and gas leases and wells."

13. Debtor falsely represented to TD, as well as other investors, that Bauer was in the process of acquiring the oil and gas assets referenced in the LaBarge Agreement.

14. Prior to the LaBarge Agreement, TD entered into a participation agreement with Bauer for the acquisition of a working interest in other oil and gas assets, which transaction was not consummated, and TD was promptly refunded its investment.

15. Based on Debtor's representations, and the previous dealings between TD and Debtor, TD made payment to Bauer in the amount of $62,500 pursuant to the LaBarge Agreement (the "LaBarge Funds"). The LaBarge Funds were for the express purpose of purchasing the 10% working interest in the oil and gas assets referenced in the LaBarge Agreement, and for no other purpose.

16. TD paid $62,500 pursuant to the LaBarge Agreement – and did so upon the urging of Debtor – by check, which check specifically indicated it was for the purpose of a 10% interest pursuant to the LaBarge Agreement.

17. A true and correct copy of the check for $62,500, dated December 19, 2010, representing payment pursuant to the LaBarge Agreement, is attached hereto as Exhibit C.

18. Neither Debtor or Bauer ever acquired title to the oil and gas assets referenced in the LaBarge Agreement, and neither ever performed work to complete the wells referenced in the

LaBarge Agreement. To date, after numerous requests, no copy of the LaBarge Agreement signed by Debtor has been provided to TD and the LaBarge Funds have not been returned.

19. After his receipt of the LaBarge Funds, Debtor became increasingly difficult to contact. Numerous e-mails, phone calls and scheduled meetings between the parties to this action and other investors were either ignored by Debtor or met with unfulfilled promises of repayment.

20. *Via* e-mail, on May 6, 2011, Debtor responded to a request from TD, and other investors, for an update on the status of the matters concerning the LaBarge Agreement. At that point Debtor admitted to TD that the owners of the oil and gas assets referenced in the LaBarge Agreement did not want to sell their interests, but assured TD and other investors that the LaBarge Funds would be returned to TD the following week.

21. A true and correct copy of the May 6, 2011, e-mail is attached hereto as Exhibit D.

22. On October 31, 2011, Debtor admitted, *via* e-mail, that the LaBarge Funds had been misappropriated by Debtor, or his companies, stating that he was "struggling" to get the funds.

23. A true and correct copy of the October 31, 2011, e-mail is attached hereto as Exhibit E.

24. Debtor owes TD $62,500 which he misappropriated.

### FIRST CLAIM FOR RELIEF
### 11 U.S.C. § 523(a)(2)(A)

25. TD realleges and reincorporates the allegations set forth in paragraphs 1 through 24 above as if fully set forth herein.

26. Debtor made false representations of facts to TD, and omitted to state facts to TD regarding the LaBarge Agreement and the LaBarge Funds.

27. The facts were material.

28. Debtor made the false representations or omitted to state facts knowing the facts to be false or that the omitted facts were material.

29. Debtor made the false representations or omitted to state facts with the intent that TD would rely on the misrepresentations or would take a course of action TD would not take if the omitted facts were known.

30. TD relied on the false statement of facts, and relied on the assumption that the omitted and concealed facts did not exist.

31. TD's reliance was justified.

32. Any funds obtained by Debtor for himself from TD were therefore obtained by false pretenses, false representations and actual fraud.

33. Debtor is therefore not entitled to a discharge from any debt relating to TD, including but not limited to the amount of the funds owed to TD pursuant to the LaBarge Agreement.

## SECOND CLAIM FOR RELIEF
## 11 U.S.C. § 523(a)(4)

34. TD realleges and reincorporates the allegations set forth in paragraphs 1 through 33 above as if fully set forth herein.

35. Debtor had a fiduciary duty to TD, as clearly and unambiguously set forth in the LaBarge Agreement, namely to use the funds provided by TD to Debtor to purchase a 10% working interest in the oil and gas assets referenced in the LaBarge Agreement, and/or, at a minimum, to return the funds to TD if the purchase could not be made.

36. Debtor breached his fiduciary duty to TD.

37. Debtor's actions constitute a fraud or defalcation while acting in a fiduciary capacity.

38. Debtor committed theft, embezzlement and/or larceny of the funds provided by TD to Debtor.

39. Debtor is therefore not entitled to a discharge from any debt relating to TD, including but not limited to the amount of the funds owed to TD pursuant to the LaBarge Agreement.

## THIRD CLAIM FOR RELIEF
## 11 U.S.C. § 523(a)(6)

40. TD realleges and reincorporates the allegations set forth in paragraphs 1 through 39 above as if fully set forth herein.

41. Debtor, through his actions in converting and/or stealing the funds owed to TD, perpetrated a willful and malicious injury upon TD.

42. Debtor is therefore not entitled to a discharge from any debt relating to TD, including but not limited to the amount of the funds owed to TD pursuant to the LaBarge Agreement.

WHEREFORE, Creditor TD requests that a judgment enter denying a discharge to Debtor for all debts owed to TD, for the costs of TD, and for such further relief as the Court deems proper.

Respectfully submitted this 22nd day of January, 2013.

David von Gunten
von Gunten Law LLC
2696 S. Colorado Blvd., Suite 302
Denver, Colorado 80222
(303) 504-0055-office
(303) 504-0044-fax
(303) 507-9272-mobile
dcvglaw@msn.com
*Attorney for Creditor Toofania Dhanlakshmi LLC*

## Certificate of Service

I hereby certify that, on this January 22, 2013, I served a true and correct copy of the foregoing Complaint Objecting to Dischargeability of Debt upon the following individuals, by depositing the same with the United States Postal Service, first-class postage pre-paid, addressed as follows:

Mark E. Macy, Esq.
217 West 18th Street
Cheyenne, Wyoming 82001

Edward Neibauer
6244 South Boston Court
Englewood, Colorado 80111

U.S. Trustee
attn: Alison Goldenberg
999 18th Street, Suite 1551
Denver, Colorado 80202

# EXHIBIT A

## EMAIL CORRESPONDENCE REGARDING PARTICIPATION AGREEMENT

### PAGE 1 OF 1

On Tue, Nov 23, 2010 at 5:12 PM, Manu Hinduja < manu@gsrservices.com > wrote:

> Attached is the Participation Agreement for 10% of the La Barge Acquisition
> by Bauer Oil & Gas, LLC as described in the Agreement. Please sign the
> Participation Agreement and arrange to send $62,500 to Bauer Oil & Gas, 555
> 17th Street, Suite 1400, Denver, CO 80202 at the earliest. Please send the
> correspondence attention to Edward Neibauer. Ed's phone number is

> 303-629-8810 (o), 303-629-4776 (fax).
> Please call me and/or Ed if you have any further questions.
> Manu Hinduja
>

>
> --
> Dr. Manu Hinduja
> Huntington Resources, Inc.
> 8071 Slater Avenue, Suite 205
> Huntington Beach, CA 92647

> 714-375-5290 (o)

> 714-375-5293 (fax)
> manu@gsrservices.com
>


--
Dr. Manu Hinduja
GSR Services, Inc.
8071 Slater Avenue, Suite 205
Huntington Beach, CA 92647

714-375-5290 (o)

714-375-5293 (fax)
manu@gsrservices.com

EXHIBIT B

PARTICIPATION AGREEMENT

PAGE 1 OF 3

**PARTICIPATION AGREEMENT**

**THIS AGREEMENT,** made and entered into by and between Bauer Oil & Gas, LLC ("Bauer"), party of the First Part, and _____, Party of the Second Part.

**WHEREAS,** Party of the First Part is the owner of certain oil and gas leases and wells and desires to sell Working Interest ownership in various wells and leases in the LaBarge Field located in Sweetwater, Sublette and Lincoln Counties, Wyoming and more fully described in Exhibit "A" hereto attached.

**WHEREAS,** Party of the Second Part desires to acquire a Working Interest in said oil and gas leases and wells in accord and subject to limitations and requirements imposed by proper authorities or contracts thereof, the Parties hereto agree as follows:

(1) For and in consideration of the sum of **SIXTY TWO THOUSAND FIVE HUNDRED DOLLARS ($62,500)** in hand paid by the Party of the Second Part, the receipt whereof is hereby acknowledged by the Party of the First Part, the Party of the First Part agrees to convey to the Party of the Second Part, an undivided 10.0% Working Interest in the available leasehold interests and wells and more fully described in Exhibit "A". It is expressly understood that the interest conveyed by the Party of the First Part shall be subject to all the terms and conditions of the existing oil and gas lease. The above named Working Interest is subject to and burdened by its proportionate share of the existing Royalty and Overriding Royalty Interests, proportionately reduced.

(2) Party of the First Part agrees to commence the necessary work and completion operations for production of the wells as weather permits and to do those things that a prudent oil and gas operator would do until such time as the oil and gas in commercial quantities may no longer be produced from the property.

(3) Party of the Second Part agrees to pay his proportionate share of the costs of operation, workover costs and administration of said wells and marketing of the oil and gas produced therefrom.

(4) The Parties hereto agree that the working interest owners shall pay their proportionate share of all bonds required by state and federal regulatory authorities.

(5) All Parties agree to sign a standard form AAPL Operating Agreement. Bauer Oil & Gas, LLC shall become the Operator of the wells and shall operate according to the terms and conditions of the Operating Agreement.

(6) This Agreement shall be binding on all heirs, assignors and successors in interest.

EXHIBIT B

PARTICIPATION AGREEMENT

PAGE 2 OF 3

**AGREED TO AND ACCEPTED THIS** _____ **DAY OF** _____, 2010

**PARTY OF THE FIRST PART:**

**BAUER OIL & GAS, LLC**

BY: _____
       **Edward Neibauer, Managing Member**

**PARTY OF THE SECOND PART:**

NAME: _____
            (Please print or type)

BY: \_\_\_\_\_Toofania Dhanlakshmi LLC_____

ADDRESS: \_\_2360 Corporate \_\_\_Circle Ste 400, Henderson, NV89074_____

_____

_____

_____

FEDERAL TAX I.D. NUMBER: _____

EXHIBIT

PARTICIPATION AGREEMENT

PAGE 3 OF 3

**EXHIBIT "A"**

**DESCRIPTION OF WELLS**

| Well | Lease Number | Location | WI/NRI (%) |
|---|---|---|---|
| Stead Canyon 11-23 | WYW055275 | NWNW Section 23, T26N, R112W | 100/87.5 |
| Stead Canyon 8-2 | WYE22932 | NWSE Section 2, T26N, R112W | 100/87.5 |
| Stead Canyon 12-2 | WYE22933 | SWNE Section 2, T26N, R112W | 100/87.5 |
| Blue Forest 30-2 | WYW33085 | CSW Section 2, T24N, R110W | 94.94/75.42 |
| Blue Forest 30-31 | WYW38879 | SWSW Section 31, T25N, R109W | 94.95/73.43 |
| Bird Canyon 30-12 | WYW36421 | SESW Section 12, T26N, R111W | 86.79/68.46 |
| Heron State 10-16 | WY7228069 | NENW Section 16, T27N, R111W | 69.42/55.01 |
| Veal Federal 10-20 | WYW54466 | SWNW Section 20, T28N, R111W | 87.02/67.52 |
| Bird Canyon 10-5 | WYW51347 | CNW Section 5, T27N, R111W | 98.83/84.74 |
| Lodgepole 10-1 | WYW0325685 | SWNW Section 1, T24N, R110W | 62.65/51.21 |
| Bird Canyon 10-9 | WYW42781 | S2NW Section 9, T27N, R111W | 99.46/75.65 |
| Esposito 40-32 | WYW77883 | NWSE Section 32, T28N, R111W | 99.45/79.39 |
| Red Gap 2-20 | | NESE Section 20, T26N, R113W | 92.50/72.40 |
| Haun Federal 40-8 | WYW38503 | NWSE Section 8, T26N, R111W | 97.20/70.54 |

EXHIBIT C

CHECK 135 PAYABLE TO AND DEPOSITED BY DEFENDANT

PAGE 1 OF 1

PAGE 1 OF 1



EXHIBIT D

From: **Ed Neibauer**
Date: Fri, May 6, 2011 at 5:13 AM
Subject: RE: Update on the status of the investments
To: M H manuhinduja@gmail.com

Manu,

I will be forwarding the funds you, and Jeff advanced for the acquisition of the LaBarge project next week. The Sellers notified me that they are not willing to sell due to some reason that we are researching. I have spent monies on the title review and due diligence since the fall of last year which you will not be paying for. I still plan to pursue the transaction after we figure out what happened. I will definitely call this weekend to discuss.

Thanks for your patience on this project.

Edward Neibauer, Managing Member
**P&M Petroleum Management LLC**
**Western American Resources LLC**
555 17th Street, Suite 1400
Denver, Colorado 80202
303-629-8810 (o)
303-629-4776 (fax)
303-842-5551 (m)
**pmpetroleum4@msn.com**

   eneibauer@westamresources.com

EXHIBIT E

EMAIL CORRESPONDENCE STATING MONEY WOULD BE RETURNED

PAGE 1 OF 2

On May 9, 2012, at 7:06 AM, Edward Neibauer <pmpetroleum4@msn.com> wrote:

I am out of town working in the field but should have the monies together next week for certain. I will give you a call when I get back into Denver.

**Edward Neibauer, Managing Member**
**Executive Petroleum Services, LLC**
**P&M Petroleum Management, LLC**
**High Desert Refining, LLC**
**303-842-5551 (m)**
**email: pmpetroleum4@msn.com**
From: **Ed Neibauer** <eneibauer@westamresources.com>
Date: Fri, May 6, 2011 at 5:13 AM
Subject: RE: Update on the status of the investments
To: M H <manuhinduja@gmail.com>

Manu,

I will be forwarding the funds you, and Jeff advanced for the acquisition of the LaBarge project next week. The Sellers notified me that they are not willing to sell due to some reason that we are researching. I have spent monies on the title review and due diligence since the fall of last year which you will not be paying for. I still plan to pursue the transaction after we figure out what happened. I will definitely call this weekend to discuss. Thanks for your patience on this project.

Edward Neibauer, Managing Member

**P&M Petroleum Management LLC**

**Western American Resources LLC**

555 17th Street, Suite 1400

Denver, Colorado 80202

- -    303-629-8810 (o)

- -    303-629-4776 (fax)

- -    303-842-5551 (m)

**pmpetroleum4@msn.com**

**eneibauer@westamresources.com**


-------------------------------------Oct 31 , 2011 e-mail

Edward Neibauer pmpetroleum4@msn.com

to Manu, me


I have been struggling to get the funds for these projects but now feel very confident that I will be able to send out the payments to you before the end of this month.  I will know the definitive date next week.  Thanks for you patience and I will make it worth your wait.  Thanks.


**Edward Neibauer, Managing Member**
**Executive Petroleum Services, LLC**
**P&M Petroleum Management, LLC**
**High Desert Refining, LLC**


- -    **303-842-5551 (m)**
email:  **pmpetroleum4@msn.com**

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) 13-01036 HRT |
|---|---|
| **PLAINTIFFS** <br> Toofania Dhanlakshmi LLC | **DEFENDANTS** <br> Edward Neibauer, Sr. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> David von Gunten, 2696 S. Colorado Blvd., #302 <br> Denver, Co. 80222  303-504-0055 | **ATTORNEYS** (If Known) <br> Mark E. Macy, 217 W. 18th St. <br> Cheyenne, Wyoming  82001 |
| **PARTY** (Check One Box Only) <br> ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor  ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Objection to dischargeability of debt pursuant to 11 U.S.C. § 523(a)(2)(A), §523(a)(4), §523(a)(6)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

FILED 2013 JAN 22 PM 1:07 U.S. BANKRUPTCY COURT DISTRICT OF COLORADO BRADFORD L. BOLTON CLERK

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Edward Neibauer, Sr. | BANKRUPTCY CASE NO.<br>12-30084 HRT | |
| DISTRICT IN WHICH CASE IS PENDING<br>Colorado | DIVISION OFFICE | NAME OF JUDGE<br>Tallman |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>1/22/13 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>David von Gunten | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.